UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *ex rel.* ANDY BESHEAR, ATTORNEY GENERAL,<br><br>Plaintiff,<br><br>V.<br><br>WALGREENS BOOTS ALLIANCE, INC., WALGREEN CO., WALGREENS MAIL SERVICE, LLC, WALGREENS SPECIALTY PHARMACY, LLC, WALGREENS.COM, INC. d/b/a WALGREENS #05823,<br><br>Defendant. | Civil No. 2:18-cv-00126-GFVT<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendants' Motion for an Extension of Time in which to move, answer, or otherwise respond to Plaintiff's Complaint. [R. 4.] On December 5, 2017, the Judicial Panel on Multidistrict litigation (JPML) created a Multidistrict Litigation (MDL) and ordered the transfer of more than sixty pending actions related to "the alleged improper marketing of and inappropriate distribution of various prescription opiate medications" to the United States District Court for the Northern District of Ohio. *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, R. 328, Transfer Order & Schedule A (J.P.M.L. Dec. 5, 2017). Now, more than 1,000 opioid-related cases similar to this case are pending before Judge Dan A. Polster in that MDL proceeding.

While this case is pending before the JPML regarding its potential transfer to the MDL proceeding, the Defendants request an extension of time to file their motions to dismiss or

otherwise responsive motions. The Commonwealth of Kentucky consents to such an extension. [R. 4 at 2.]

Upon review of the record of this action and the other related actions filed in the Eastern District of Kentucky, the Court finds, additionally, that holding this case in abeyance pending the determination of the JPML is appropriate. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Extension of Time [**R. 4**] is **GRANTED**;

2. Defendants **SHALL FILE** their motions, answers, or otherwise responsive pleadings to Plaintiff's Complaint within **thirty (30) days** of the decision of the JPML regarding transfer of this matter to the MDL proceeding;

3. This matter is **STAYED** pending a determination of the JPML; and

4. The parties **SHALL FILE** a status report no later than **one-hundred and eighty (180) days** from the date of entry of this order explaining any relevant developments.

This the 26th day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge